# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

REGINA L. CUNNINGHAM, )
 )
       **Plaintiff,** )
 )
v. ) Case No. CIV-06-538-FHS-SPS
 )
MICHAEL J. ASTRUE, )
**Commissioner of the Social Security** )
**Administration,** )
 )
       **Defendant.** )

## REPORT AND RECOMMENDATION

The claimant Regina L. Cunningham requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id.* § 423(d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997), *citing Pacheco v. Sullivan*, 931 F.2d 695, 696 (10th Cir. 1991). The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of [the] evidence must take into account whatever in the

---

[1] Step one requires the claimant to establish she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work the claimant can perform existing in significant numbers in the national economy, taking into account the claimant's age, education, work experience and RFC. Disability benefits are denied if the Commissioner can show that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on January 1, 1956, and was forty-nine (49) years old at the time of the administrative hearing. She has a high school education and has previously worked as a certified nursing assistant (CNA) and bookkeeper. The claimant alleges she has been unable to work since August 19, 2003, because her knee needs to be replaced and she has right hand problems and degenerative arthritis.

**Procedural History**

On October 21, 2004, the claimant filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and an application for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385. The applications were denied.[2] ALJ Lantz McClain conducted a hearing and found that the claimant was not disabled on April 26, 2006. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

---

[2] The claimant filed a previous application on April 5, 1991. The application was denied. The claimant did not appeal, and the ALJ declined to reopen the prior application in this case because "the claimant's new application was not filed within the one-year period following the date of the notice of the initial determination, [so] the prior determination may not be reopened for any reason." Tr. 16, *citing* 20 C.F.R. § 404.987 *et seq*. The ALJ also noted that because "[t]he evidence submitted . . . with the current application does not support a finding that the prior decision was in error" (Tr. 16), there was no reason to reopen or revise the previous determination.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant's "status post surgery to her right leg and left knee, degenerative disc disease of the lumbar spine, moderate obesity, and carpal tunnel syndrome" were severe impairments (Tr. 18), but determined that she retained the residual functional capacity ("RFC") to perform sedentary work with the restriction that she "not be required to perform a job which requires constant use of the hands for such repetitive tasks as keyboarding." (Tr. 20.) The ALJ then concluded that the claimant was not disabled because she could return to her past relevant work as a bookkeeper (Tr. 20).

**Review**

The claimant contends that the ALJ erred: (i) by failing to include all her impairments in her RFC; (ii) by failing to properly analyze her credibility; and (iii) by failing to thoroughly analyze the claimant's past work activities. The undersigned Magistrate Judge finds the second contention dispositive.

The ALJ summarized the medical evidence and detailed the claimant's reported limitations and descriptions of pain (Tr. 18-19). He then determined that "the evidence does not establish the presence of significant or substantial interference with the claimant's ability to function on a sustained basis" (Tr. 20), and that "[d]espite the claimant's allegations of severe pain, the record does not establish significant limitation of the range of motion, as well as no motor loss, muscle weakness and/or significant sensory or reflex loss." (Tr. 20). However, the ALJ failed to link these findings to any of the evidence in the record. Further,

the ALJ also found that the claimant was not entirely credible due to "discrepancies between [her] assertions and information contained in the documentary evidence" and that "[t]he totality of the evidence, especially the objective and clinical findings of treating and consulting physicians, clearly rebuts the claimant's contentions that she is totally disabled from all forms of gainful employment." (Tr. 20.) But he cited no evidence of discrepancies or findings of physicians that were contrary to the claimant's complaints.

Deference must be given to an ALJ's credibility determination unless the ALJ misread the medical evidence taken as a whole. *Casias,* 933 F.2d at 801. An ALJ may disregard a claimant's subjective complaints of pain if unsupported by any clinical findings. *Frey v. Bowen,* 816 F.2d 508, 515 (10th Cir. 1987). But credibility findings "'should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995), *quoting Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988).

As discussed above, the ALJ failed to link his credibility findings to specific evidence in this case. Further, the ALJ failed to analyze the claimant's allegations of disabling pain in accordance with *Luna v. Bowen,* 834 F.2d 161 (10th Cir.1987) or the impact of her obesity on her other impairments. *See* Soc. Sec. Rul. 02-1p, 2000 WL 628049, at *6 ("Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment."). Accordingly, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis so the Court can "assess whether relevant evidence adequately supports the ALJ's conclusion[.]" *Clifton v.*

*Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).  On remand, the ALJ should:  (i) affirmatively link his findings as to the claimant's credibility to specific evidence; (ii) analyze the claimant's allegation of disabling pain and the impact of her obesity on her other impairments in accordance with the appropriate standards; and, (iii) redetermine, if appropriate, the claimant's RFC.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence.  Accordingly, the undersigned Magistrate Judge RECOMMENDS that the ruling of the Commissioner be REVERSED and REMANDED for further proceedings as set forth above.  The parties are hereby given ten (10) days to file with the Court Clerk any objections hereto.  Failure to object within ten (10) days will preclude appellate review of the judgment of the District Court based on the findings herein.

**DATED** this 26th day of December, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**